# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6431 | **DATE** | 2/5/2002 |
| **CASE TITLE** | JOHN H. DOIG vs. CHICAGO PARK DISTRICT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Amended Memorandum Opinion And Order. Defendant's motion to dismiss is granted in part and denied in part. Counts II and III are dismissed with prejudice.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | **FEB 0 6 2002** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 FEB -5 PM 6: 04

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN H. DOIG, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 01 C 6431 |
| CHICAGO PARK DISTRICT, a municipal corporation, | ) ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

**DOCKET**

FEB 0 6 2

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff, John H. Doig (Doig), brought a multi-count complaint against defendant, the Chicago Park District (Park District). Count I of plaintiff's complaint alleges a violation of the Age Discrimination in Employment Act, (ADEA) 29 U.S.C. § 621 *et seq.)*; Count II alleges a violation of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.*; Count III alleges retaliation in violation of the American with Disabilities Act (ADA)(42 U.S.C. § 12203(a)); and Count IV alleges retaliation in violation of the ADEA. Presently before the Court is defendant's Motion to Dismiss Counts II, III, and IV.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the complaint supports the following summary of the alleged conduct of the

parties.

Doig began his employment with the Park District in May 1970. In 1991, Doig was promoted to Floriculturist Foreman. During his employ with the Park District, Doig never received a reprimand, oral or written, and received only favorable comments on his performance until Adam Schwerner (Schwerner) was hired as a Deputy Director of Conservatories for the Park District.

Shortly after Schwerner was hired, he told an employee of the Floral Department that "everyone over forty should quit because they are burnt out". On November 4, 1999, Schwerner called a special meeting for the purpose of reflecting on Doig's work as foreman and "to be very specific about changes in [Doig's] work." Schwerner hoped that "much progress [could] be made in the next three months".

Doig demonstrated competence in his performance during the next three-month period. However, in November 2000, Doig was demoted to Floriculturist Class I. The stated reason for Doig's demotion was "an inability to satisfactorily perform [his] job and supervise staff". Following the demotion, the Park District filled Doig's position with two forepersons of younger ages. The forepersons performed the same work that Doig performed prior to his demotion. Prior to his demotion, the Park District criticized Doig's efforts to accommodate the disabilities of a 61-year old floriculturist who suffered from emphysema because Doig did not require her to assist with the spring show installation due to her disabilities.

Six days after Doig's demotion, the Park District attempted to change Doig's workweek and location of work. Pursuant to the applicable union contract and Park District policy, any changes made to a normal workweek or transfers of worksite were conducted on a voluntary

basis or on the basis of seniority. Doig did not volunteer to change his normal workweek or location. Doig had more seniority than any other employee at his location.

Defendant argues that Doig's IHRA claim should be dismissed because Doig failed to exhaust his administrative remedies.

The Illinois Human Rights Commission (IHRC) has exclusive authority arising under the IHRA. *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 311 (7th Cir. 1994) (*Talley*). Judicial review may be obtained only after the IHRC has issued a final order. 775 ILCS 5/8-111(A)(1); *Talley*, 37 F.3d at 312-13. A party that fails to bring its IHRA claim to IHRC has failed to exhaust its administrative remedies -- a precondition to filing suit. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000).

In the instant case, Doig failed to bring his IHRA claim before the IHRC and has not received an IHRC final order. Therefore, Doig has failed to exhaust his administrative remedies, and the IHRA claim is dismissed with prejudice. *See McCraven v. City of Chicago*, 18 F.Supp.2d 877, 882 (1998) (dismissing IHRA claim for failure to exhaust administrative remedies).

Defendant argues that Doig's retaliation claims under the ADA and the ADEA should be dismissed because they are beyond the scope of Doig's Equal Employment Opportunity Commission (EEOC) charges.

As a general rule, ADA and ADEA claims that a plaintiff wishes to pursue in federal court must first be presented to the EEOC, or the claims must be like or reasonably related to the allegations of the EEOC charge and grow out of the EEOC charge. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000); *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497,

500 (7th Cir. 1994) (*Cheek*). "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501.

In his EEOC charge, Doig alleged that Schwerner told an employee that "everyone over forty (40) should quit because they are burnt out." He also alleges that he was demoted and replaced with two forepersons that were younger and performed the same work. Doig alleges that he was "discriminated against on the basis of [his] age" and "for not adopting the discriminatory management practices of Adam Schwerner among other CPD employees, in violation of Title VII of the Civil Rights Act of 1964."

Doig checked the "retaliation" and "age" boxes on the EEOC charge form. The form also includes several boxes, including one for discrimination based on disability. Doig did not check this box.

In Count III of Doig's complaint, Doig alleges that the defendant violated the ADA because he was retaliated against for accommodating a disabled floriculturist. He alleges that his demotion was based on his opposition to defendant's discriminatory employment practices in violation of the ADA.

Doig's EEOC charge and complaint do implicate the same individuals. However, they do not describe the same conduct. The EEOC charge only speaks to discrimination based on age and does not include any indication that any type of discrimination based on a disability took place either against Doig or the floriculturist. "While 'technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which laymen unassisted by trained

4

lawyers, initiate the process' the requirement of some specificity in a[n EEOC] charge is not a 'mere technicality.'" *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992), quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972).

Doig's allegation of discrimination based on alleged violations of the ADA are not reasonably related to the allegations in the EEOC charge. There is no suggestion in the EEOC charge that Doig was retaliated against because he was opposed to discriminatory practices based on another individual's disability. As noted above, although Doig checked two other boxes, he did not check the disability box on the EEOC form. "While these boxes do not control the scope of a subsequent Title VII complaint, they are nonetheless helpful in determining the gravamen of the employee's allegations in the body of the EEOC charge. *Whitehead v. AM International, Inc.*, 860 F.Supp. 1280, 1287 (N.D.Ill. 1994) (citation omitted).

Doig argues that an investigator with the Illinois Department of Human Rights (IDHR) was aware of the fact that Doig was alleging he was demoted as a result of accommodating an individual with a disability and that his attorney sent a letter to the investigator indicating such. Doig seeks that the letter from his attorney be considered an amendment to the original charge.

Allegations outside the body of the charge may be considered when it is clear that the party intended the agency to investigate the allegations in such materials. *Cheek*, 31 F.3d at 502. Such "amendments" can only be used to clarify and amplify the allegations found within the charge. *Cheek*, 31 F.3d at 502. The Court need not determine if the proposed amendment was clarifying or amplifying allegations already found within the charge because the amendment (the attorney letter) was not before the EEOC but was before the IDHR. Therefore, the attorney letter cannot be found to have amended the EEOC charge to cause that agency to investigate Doig's

5

present contention of disability discrimination.

Count IV of Doig's complaint alleges that he was retaliated against for opposing the discriminatory employment practices in violation of the ADEA. The allegation stems from Doig's reassignment of the same floriculturist, who was 61 years old.

Unlike the disability claim, there is a reasonable relationship between the allegations of the EEOC charge and this claim. Both the EEOC charge and complaint allege discrimination based on age, and both allege retaliation for not adopting the discriminatory practices of the same individual and other Park District employees. While the EEOC charge does not specifically identify the ADEA as the grounds for such discrimination, the age discrimination allegations are reasonably related to such a claim.

In addition, the ADEA claim could reasonably be expected to grow out of an EEOC charge because the facts underlying the claim would likely be discovered in the course of an EEOC investigation. *See Cheek*, 31 F.3d at 500 (claim in the complaint can reasonably be expected to grow out of the EEOC charge if the EEOC might discover such information in the course of an investigation).

In the alternative, defendant argues that Doig's ADEA retaliation claim should be dismissed because Doig's action of not giving a work assignment to an older employee is not a protected activity under the ADEA.

To establish a claim of retaliation, Doig must demonstrate that: (1) he opposed an unlawful employment practice, (2) he was subjected to an adverse employment action, and (3) the adverse employment action was caused by his opposition to the unlawful employment practice. *Cullom v. Brown*, 209 F.3d 1035, 1040 (7th Cir. 2000).

6

In the instant case, Doig has sufficiently pled a retaliation claim under the ADEA. Doig has alleged that he was demoted in response to his opposition of the defendant's practice of discriminating against older individuals. Such allegations are sufficient to withstand a motion to dismiss.

For the reasons stated above, defendant's Motion to Dismiss is granted in part and denied in part. Counts II and III are dismissed with prejudice.

Dated: 2/5/02

JOHN W. DARRAH
United States District Judge

# United States District Court
## Northern District of Illinois
### Eastern Division

JOHN H. DOIG

v.

CHICAGO PARK DISTRICT

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 6431

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion to dismiss is granted in part and denied in part. Counts II and III are dismissed with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 2/5/2002

Linda Garth, Deputy Clerk